UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

SCOTT JANISZEWSKI,

      Plaintiff,

vs.

PALISADES ACQUISITION XVI, LLC;
ASTA FUNDING, INC.; AND
DAUBERT LAW FIRM LLC,

      Defendants.

Case No. 17-cv-108

# COMPLAINT

NOW COMES, Plaintiff Scott Janiszewski, by and through his attorneys, DeLadurantey Law Office, LLC, and complains of Defendants Palisades Acquisition XVI, LLC; Asta Funding, Inc.; and Daubert Law Firm LLC, and alleges to the best of his knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

## INTRODUCTION

### Nature of the Action

1.     This lawsuit arises from unlawful collection attempts of the Defendants.

2.     Causes of Action herein are brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 and the Wisconsin Consumer Act ("WCA"), Wis. Stat. § 421 *et seq*.

**Jurisdiction and Venue**

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331, because the case arises under the laws of the United States.

4. This Court also has jurisdiction pursuant to 15 U.S.C. § 1692k(d), as it is an action to enforce liability created by the FDCPA within one year from the date on which the violation occurred.

5. This Court has supplemental jurisdiction over the claims arising under the WCA under 28 U.S.C. § 1367, because the WCA claims are related to the FDCPA claims as they arise under the same set of facts. Thus they are part of the same case or controversy under Article III of the United States Constitution.

6. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(1), because this is where the Defendants reside. Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction.

**Parties**

7. Plaintiff Scott Janiszewski (hereinafter "Mr. Janiszewski") is a natural person who resides in the County of Milwaukee, State of Wisconsin.

8. Defendant Palisades Acquisitions XVI, LLC (hereinafter "Defendant Palisades") is a corporation with a business address of 210 Sylvan Avenue, Englewood Cliffs, NJ 07632.

9. Defendant Palisades is a "debt collector" pursuant to 15 U.S.C. § 1692a(6).

10. Defendant Palisades is a "debt collector" pursuant to Wis. Stat. §427.103(3).

11. Defendant Asta Funding, Inc. (hereinafter "Defendant Asta") is a corporation with a business address of 210 Sylvan Avenue, Englewood Cliffs, NJ 07632 and a registered agent of H. Glenn Tucker, One Gateway Center, Suite 600, Newark, NY 07102.

12. Defendant Asta is a "debt collector" pursuant to 15 U.S.C. § 1692a(6).

13. Defendant Asta is a "debt collector" pursuant to Wis. Stat. §427.103(3).

14. Defendant Asta is a publically traded Delaware corporation.

15. Defendant Asta's total stockholders' equity as of June 30, 2016 was $176,490,000.

16. Defendant Daubert Law Firm LLC (hereinafter "Defendant Daubert") is a corporation with a business address of One Corporate Drive, Suite 400, Wausau, WI 54401, and a registered agent of Daniel Daubert, One Corporate Drive, Suite 400, Wausau, WI 54401.

17. Defendant Daubert is a "debt collector" pursuant to 15 U.S.C. § 1692a(6).

18. Defendant Daubert is a "debt collector" pursuant to Wis. Stat. §427.103(3).

19. According to Defendant Daubert's website, they "offer[] clients a full range of collection services including consumer, medical and commercial collections, repossessions and mortgage foreclosures. Utilizing our nationwide network of collection law firms we can manage your accounts – wherever they may be."

## Factual Allegations

20. On or about March 18, 2002, Mr. Janiszewski was sued by Platinum Financial Services in Milwaukee County, case number 02sc8407.

21. On or about May 23, 2002, Platinum Financial Services was granted a default judgment in the amount of $1,007.22 plus costs.

22. Mr. Janiszewski believes he was garnished for the full amount of the default judgment.

23. Pursuant to the Wisconsin Department of Financial Institution's website, Platinum Financial Services was administratively dissolved on November 11, 2009.

24. On May 25, 2016, Susan Kohn, an alleged authorized representative of the dissolved Platinum Financial Services signed an affidavit which purported to assign the judgment to Defendant Palisades.

25. Defendant Palisades is a wholly-owned subsidiary of Defendant Asta.

26. However, at the time this affidavit was signed, Platinum Financial Services had been administratively dissolved for seven and a half years.

27. On June 20, 2016, Defendant Palisades was added as the assigned creditor, with Michael Stueland from Defendant Daubert listed as Defendant Palisades' attorney.

28. On June 7, 2016, Defendant Daubert filed a notice of appearance in the state court action.

29. Defendants Daubert and Palisades filed documentation for garnishing Mr. Janiszewski on the formerly paid judgment.

30. Additionally, Mr. Janiszewski was never given the required disclosures under 15 U.S.C. § 1692g.

**Count 1 – Violations of the Fair Debt Collection Practices Act, (15 U.S.C. §1692)**

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. Mr. Janiszewski is a consumer as defined by 15 U.S.C. §1692a(3).

33. The foregoing acts of Defendants and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10), 1692e(14), 1692f, 1692f(1), and 1692g with respect to Plaintiff.

4

Case 2:17-cv-00108-JPS   Filed 01/23/17   Page 4 of 8   Document 1

34. Specifically, the Defendants have no right to collect the debt, as the corporation is no longer in existence, so there can be no valid way for the debt to be assigned or collected by any of the Defendants.

35. Specifically, the Defendants have no right to collect any amount, as Mr. Janiszewski already paid the judgment.

36. Specifically, the Defendants never sent Mr. Janiszewski the required notices under 15 U.S.C. § 1692g.

37. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of anger, anxiety, emotional distress, humiliation, frustration, amongst other negative emotions.

38. Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

### Count 2 – Violations of the Wisconsin Consumer Act, (Wis. Stat. § 427.104(c))

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. Under Wis. Stat. § 427.104(h), a debt collector cannot "[e]ngage in… conduct which can reasonably be expected to… harass the customer."

41. Under Wis. Stat. § 427.104(j), a debt collector cannot "[c]laim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."

42. Specifically, the Defendants have no right to collect the debt, as the corporation is no longer in existence, so there can be no valid way for the debt to be assigned or collected by any of the Defendants.

43. Specifically, the Defendants have no right to collect any amount, as Mr. Janiszewski already paid the judgment.

44. Specifically, the Defendants never sent Mr. Janiszewski the required notices under 15 U.S.C. § 1692g.

45. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of anger, anxiety, emotional distress, humiliation, frustration, amongst other negative emotions.

46. Plaintiff is entitled to actual, statutory, and punitive damages pursuant to Wis. Stat. § 427 and, reasonable attorney's fees and costs pursuant to Wis. Stat. § 435.308.

## Trial by Jury

47. Mr. Janiszewski is entitled to, and hereby respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Janiszewski prays that judgment be entered against Defendants for:

A. Actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1692k(a)(1);
B. Statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
C. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);
D. Actual, statutory, and punitive damages pursuant to Wis. Stat. §427 *et al.*;
E. Costs and reasonable attorneys' fees pursuant to Wis. Stat. §425.308; and
F. Other and further relief as may be just and proper.

Dated this 23rd day of January, 2017.

DeLadurantey Law Office, LLC

s/ Heidi N. Miller
Nathan E. DeLadurantey
Heidi N. Miller
735 W. Wisconsin Ave, Suite 720
Milwaukee, WI 53233
(414) 377-0515; (414) 755-0860 – Fax
Nathan@dela-law.com
Heidi@dela-law.com

# VERIFICATION OF COMPLAINT AND CERTIFICATION

Pursuant to 28 U.S.C. § 1746, I, Scott Janiszewski, declare under penalty of perjury the following:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____
Scott Janiszewski